IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Baynard, et al., | : | Case No. 2:14-cv-1367 |
| Plaintiffs, | : | Judge Smith |
| v. | : | Magistrate Judge King |
| Commonwealth Investments, Ltd., et al., | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANTS TO AMENDED COMPLAINT

Now come Defendants Commonwealth Investments, Ltd. ("Commonwealth") and Duquesne Properties, LLC ("Duquesne" and collectively together with Commonwealth, "Defendants"), and in answer to Plaintiffs' Amended Complaint (the "Amended Complaint") make the following admissions, denials and averments:

1. Defendants admit that Commonwealth leases the property described in the Lease (the "Premises"), on which Premises is located a portion of the office building known as the Commerce Building, which is leased by Commonwealth to various tenants. Defendants further admit that, per the terms of the Lease, Commonwealth pays $6,000 per year to lease the Premises. Defendants deny that Commonwealth is in breach of the Lease. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 1 of the Amended Complaint and, therefore, deny the same.

2. Defendants admit that the Lease speaks for itself and that a portion of the building formerly known as the Nitschke Building and now commonly known as the Commerce Building is located on the Premises. Defendants are without knowledge or

information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 2 of the Amended Complaint and, therefore, deny the same.

3. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of the Amended Complaint and, therefore, deny the same.

4. Paragraph 4 of the Amended Complaint largely states legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 4 of the Amended Complaint and, therefore, deny the same.

5. Defendants admit that Commonwealth's predecessor acquired an interest in the Lease by virtue of the 1990 Assignment, which speaks for itself. Defendants deny the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendants admit that in 2013 Commonwealth entered into that certain Lease Renewal, which speaks for itself. Defendants deny the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of the Amended Complaint and, therefore, deny the same.

9. Defendants admit that the documents attached to the Amended Complaint are as set forth in Paragraph 9 of the Amended Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 10 of the Amended Complaint and, therefore, deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Amended Complaint and, therefore, deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 12 of the Amended Complaint and, therefore, deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 13 of the Amended Complaint and, therefore, deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 14 of the Amended Complaint and, therefore, deny the same.

15. Defendants admit the allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 18 of the Amended Complaint and, therefore, deny the same.

19. Defendants admit the allegations contained in Paragraph 19 of the Amended Complaint.

20. In response to the allegations contained in Paragraph 20 of the Amended Complaint, Defendants state that the Lease speaks for itself.

21. In response to the allegations contained in Paragraph 21 of the Amended Complaint, Defendants state that the Lease speaks for itself.

22. In response to the allegations contained in Paragraph 22 of the Amended Complaint, Defendants state that the Lease speaks for itself. Defendants deny that the rent set forth in the Lease was adjustable.

23. Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendants deny that the Lease requires the lessee to pay 290.2758 ounces of gold per year in rent, or United States currency of equivalent value. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 24 of the Amended Complaint and, therefore, deny the same.

25. Paragraph 25 of the Amended Complaint largely states legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 25 of the Amended Complaint and, therefore, deny the same.

26. Paragraph 26 of the Amended Complaint largely states legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 26 of the Amended Complaint and, therefore, deny the same.

27. Defendants admit that Commonwealth's predecessor acquired its interest in the Lease by virtue of the 1990 Assignment, which speaks for itself, and that said interest was transferred to Commonwealth by virtue of a quitclaim deed in 1997. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 27 of the Amended Complaint and, therefore, deny the same.

28. Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29. In response to the allegations contained in Paragraph 29 of the Amended Complaint, Defendants state that the 1990 Assignment speaks for itself.

30. In response to the allegations contained in Paragraph 30 of the Amended Complaint, Defendants state that the 1990 Assignment speaks for itself.

31. Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint and further state that the 2013 Lease Renewal speaks for itself.

32. Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

33. In response to the allegations contained in Paragraph 33 of the Amended Complaint, Defendants state that the 2013 Lease Renewal speaks for itself.

34. Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendants admit that it leases space in the Commerce Building to various tenants.

38. In response to the allegations contained in Paragraph 38 of the Amended Complaint, Defendants state that the Lease speaks for itself.

39. In response to the allegations contained in Paragraph 39 of the Amended Complaint, Defendants state that the Lease speaks for itself.

40. In response to the allegations contained in Paragraph 40 of the Amended Complaint, Defendants state that the 2013 Lease Renewal speaks for itself.

41. In response to the allegations contained in Paragraph 41 of the Amended Complaint, Defendants state that the Lease speaks for itself.

42. In response to the allegations contained in Paragraph 42 of the Amended Complaint, Defendants incorporate the responses set forth above.

43. Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46. Paragraph 46 of the Amended Complaint states a legal conclusion to which no response is required.

47. Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. In response to the allegations contained in Paragraph 48 of the Amended Complaint, Defendants incorporate the responses set forth above.

49. Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendants hereby deny each and every allegation not specifically admitted herein to be true.

## FIRST AFFIRMATIVE DEFENSE

51. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

52. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, equitable estoppel, estoppel by deed, and/or laches.

## THIRD AFFIRMATIVE DEFENSE

53. Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

54. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

55. Plaintiffs' claims are barred by failure of consideration.

**SIXTH AFFIRMATIVE DEFENSE**

56. Plaintiffs' claims are barred, in whole or in part, because Defendants acted at all times and in all material respects reasonably and in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

57. Plaintiffs' damages, if any, were caused by their own acts and/or omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

58. Plaintiffs' claims are barred because Defendants have satisfied all of their obligations.

**NINTH AFFIRMATIVE DEFENSE**

59. Plaintiffs' claims are barred due to lack of jurisdiction.

**TENTH AFFIRMATIVE DEFENSE**

60. Plaintiffs' claims are barred due to their failure to join indispensible parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

61. Plaintiffs' claims are barred due to lack of standing.

**TWELFTH AFFIRMATIVE DEFENSE**

62. Plaintiffs' claims are barred due to the doctrine of accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims are barred due to the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

64. Plaintiffs' claims are barred due to the failure of a condition precedent.

### FIFTEENTH AFFIRMATIVE DEFENSE

65. Plaintiffs' claims are barred because, even assuming, arguendo, that the agreement at issue contains a "gold clause," it is unenforceable due to the Congressional Joint Resolution of June 5, 1933, 48 Stat. 112, 113 (1933) (formerly codified at 31 U.S.C. § 463) (codified as amended at 31 U.S.C. § 5118(d)(2)) because it is not an "obligation issued after October 27, 1977." 31 U.S.C.S. §5118(d)(2).

### SIXTEENTH AFFIRMATIVE DEFENSE

66. Plaintiffs' claims are barred due to impossibility/impracticability as a result of, inter alia, the Gold Reserve Act of 1934.

### SEVENTEENTH AFFIRMATIVE DEFENSE

67. Defendants hereby serve notice that they intend to rely upon and assert all other affirmative defenses that may become available or apparent during the course of discovery in this proceeding and hereby reserve the right to amend their Answer to state any and all such affirmative defenses.

WHEREFORE, Defendants demand that the Amended Complaint be dismissed with prejudice; that Defendants be awarded their costs expended herein, including reasonable attorney's fees; and that Defendants be awarded such other and further relief to which they may be entitled in equity or at law.

Respectfully submitted,

**/s/ Robert H. Miller**
Joseph F. Murray (0063373)
Robert H. Miller (0076939)
Murray Murphy Moul + Basil LLP
1533 Lake Shore Drive
Columbus, OH 43204
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murray@mmmb.com
        miller@mmmb.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2014, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Peter A. Patterson
Charles J. Cooper
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

                                                **/s/ Robert H. Miller**
                                                Robert H. Miller